## SMITH v. HARTT & COLE.  (No. 529.)

Court of Civil Appeals of Texas.  Eastland.
Jan. 18, 1929.

Smith & Smith, of Anson, for appellant.
John W. Woods, of Dallas, for appellee.

HICKMAN, C. J.  The appeal is from a judgment sustaining a plea of privilege of appellees to be sued in Dallas county, the county of their residence. The nature of appellant's suit, as disclosed by his petition and testimony upon the trial of the plea of privilege, was an action for debt alleged to be due him by appellees as the reasonable value of services rendered by him to appellees as an attorney. There was no written contract concerning the employment of appellant, nor was the amount of the services agreed upon. Appellees drilled a well in search for oil and gas in Jones county, in what is known as wild-cat territory, and appellant rendered much valuable service to them in connection with the enterprise.

The judgment of the court below is attacked in this court upon two grounds. It is insisted in the first place that appellees waived their plea of privilege. The facts relied on by appellant to establish a waiver consist merely of negotiations between appellant and the attorney for appellees with regard to the arranging of a date for the trial of the plea of privilege matter. Appellees were never served with a copy of appellant's controverting plea. But, notwithstanding such failure to serve them, their attorney agreed on a date for the hearing of the plea, and requested the postponement of such hearing. The hearing was had during the first term after the suit was filed. Appellees were not present, but appellant had the opportunity of introducing all of his evidence and having same presented to the court without any contest whatever. These facts fail to establish any waiver on the part of appellees, or show an injury suffered by appellant on account of the postponement of hearing on the plea of privilege.

The exceptional provision relied upon by appellant to confer venue in Jones county is subdivision 5, art. 1995, providing, in substance, that a person may be sued in a county in which he has contracted in writing to perform an obligation. The only evidence offered in support of the claim that appellees promised in writing to pay appellant in Jones county is contained in a letter written by appellee Hartt to appellant, long after the indebtedness had accrued. Appellant sent to appellees a note payable to himself at Anson, Jones county, for the principal sum of $1,500, requesting appellees to execute same as evidence of their indebtedness to him. Appellees disputed the amount of the indebtedness, claimed that they did not owe appellant that sum of money, refused to sign the note, and returned same to appellant unsigned. In this connection they wrote appellant as follows:

"I received your letter inclosing the note. We do not feel that we owe you that much, but if you are wanting a note for the purpose of giving jurisdiction over us in Jones county, we will agree that we will pay you in Jones county when we get the money, if that will do you any good.

"[Signed]  Hartt & Cole, by Hartt."

This letter is no evidence that the contract sued upon by appellant was a contract in writing performable in Jones county. Appellant's cause of action was based upon the

oral contract and not on this letter. The only effect of this letter was an agreement on the part of appellees that appellant might sue them in Jones county. Such agreement cannot be enforced. Venue is fixed by law, and any contract whereby it is agreed to change the law with reference to venue, is void. International Travelers' Ins. Ass'n v. Branum, 109 Tex. 543, 212 S. W. 630.

A reference to Shepard's Citator and the Digests will disclose that this question has arisen many times since the decision in the above case, and the rule there announced by our Supreme Court has been uniformly followed by that court and Courts of Civil Appeals since that time. Some of the cases have facts similar to those involved in the instant case. See La Salle County Water Improvement District No. 1 v. Arlitt (Tex. Civ. App.) 297 S. W. 344.

There was no error in the judgment sustaining the plea of privilege, and an affirmance will be ordered.