NO. 07-01-0031-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 22, 2001

______________________________

ANTHONY BROWN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 251
ST
 DISTRICT COURT OF POTTER COUNTY;

NO. 20,711-C; HONORABLE PATRICK PIRTLE, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Anthony Brown appeals from denial of his Motion to Amend the Record So That It Speaks the Truth.  We dismiss for want of jurisdiction.

BACKGROUND

By an Order signed on December 12, 2000, the trial judge of the 251st
 District Court of Potter County denied appellant’s Motion to Amend the Record So That It Speaks the Truth in Cause No. 20,711-C.  On January 7, 2001, appellant filed a Written Notice of Appeal of the trial court’s order of December 12, 2000.  

The parties were advised that this court would consider its jurisdiction over the appeal on or after May 4, 2001, and that any authorities to be considered on such issue should be submitted on or before that date.  Subsequently, appellant moved for and was granted two extensions of time to file his appellate brief.  The State timely submitted its brief asserting that this court does not have jurisdiction over the appeal.  On August 20, 2001, appellant filed a Motion to Dismiss Appeal wherein he agreed with the State that we do not have jurisdiction over the appeal.  In his Motion to Dismiss, appellant requests permission of this court to pursue a mandamus proceeding as to the trial court’s order signed on December 12, 2000.  

LAW

Courts of appeals have appellate jurisdiction co-extensive with the limits of their respective districts.   
Tex. Const
. art. V, § 6.  Jurisdiction of the courts of appeals extends to all cases of which the district courts or county courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law.  
Id
.  Other jurisdiction of the courts of appeals is as may be prescribed by law.  
Id
.
  
Thus, the right to appeal in criminal proceedings does not exist at all unless authorized by statute.  
Watson v. State
, 924 S.W.2d 711, 713 (Tex.Crim.App. 1996); 
Ex parte Paprskar
, 573 S.W.2d 525, 528 (Tex.Crim.App.1978).

Under Rules of Appellate Procedure 25.2 and 26.2, a defendant’s appeal from a judgment or other appealable order is perfected by filing a notice of appeal within 30 days after the date sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order.  
An untimely-filed notice of appeal will not invoke the jurisdiction of the court of appeals.  
See
 
State v. Riewe
, 13 S.W.2d 408, 411 (Tex.Crim.App. 2000).  
If an appellate court determines that it has no jurisdiction to decide the merits of an appeal, the appropriate action is to dismiss.  
See
 
State v. Taft
, 958 S.W.2d 842, 843 (Tex.Crim.App. 1998).  

ANALYSIS

Appellant and the State agree that this court has no jurisdiction over the appeal because the trial court’s order from which appellant seeks to appeal is not an appealable order.  We concur.  The record does not reflect that the notice of appeal is timely to perfect appeal from any appealable proceeding in the trial court.  
See
 
Riewe
, 13 S.W.2d at 411.  
Accordingly, we dismiss the appeal for want of jurisdiction
, no motion for rehearing will be entertained and our mandate will issue forthwith.
  Because we do not have jurisdiction over the appeal we may not address appellant’s request that he be granted permission to pursue a mandamus proceeding.  

Phil Johnson

       Justice

Do not publish.