NO. 07-01-0362-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 11, 2001

_____

ROYCE L. WELLINGTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-435469; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

Pending before the Court is a "Motion for Appeal of Conviction," filed by appellant Royce L. Wellington, an Appeals Certificate by the clerk for the 140th District Court of Lubbock County, and a Clerk's Record as to Cause Number 2001-435,469 in the 140th District Court of Lubbock County. We dismiss for want of jurisdiction.

By his Motion for Appeal appellant sought the trial court's approval to appeal from his conviction pursuant to a plea-bargained guilty plea for Aggravated Assault-Public Servant. The judgment was signed on June 1, 2001; sentence was imposed on June 1, 2001; no Motion for New Trial was filed, except to the extent appellant's Motion for Appeal could be construed as an untimely Motion for New Trial; appellant's Motion for Appeal was filed on August 28, 2001.

In a criminal case, appeal is perfected by timely filing a notice of appeal. TEX. R. APP. P. 25.2(a). The notice of appeal must be filed within 30 days after the day sentence is imposed or after the day the trial court enters an appealable order, unless a timely motion for new trial is filed. TRAP 26.2(a). A motion for new trial may be filed by a criminal defendant no later than 30 days after the date sentence is imposed in open court. TRAP 21.4(a). The time for filing a notice of appeal may be extended for 15 days under certain circumstances. TRAP 26.3. If the time for filing a notice of appeal is to be extended, both a notice of appeal and a motion for extension of time which complies with TRAP 10.5(b) must be filed within the 15 day period. TRAP 26.3; Olivo v. State, 918 S.W.2d 519, 523-25 (Tex.Crim.App. 1996).

An untimely-filed notice of appeal will not invoke the jurisdiction of the court of appeals. See State v. Riewe, 13 S.W.2d 408, 411 (Tex.Crim.App. 2000). Thus, if an appeal is not timely perfected, a court of appeals does not have jurisdiction to address the merits of the appeal, and can take no action other than to dismiss the appeal. Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); Olivo v. State, 918 S.W.2d at 523-25.

2

To the extent appellant's Motion for Appeal is a Motion for New Trial it was not timely to extend the time for filing notice of appeal; to the extent appellant's Motion for Appeal is a notice of appeal, it was not timely filed.  A motion to extend time to file notice of appeal was not filed.  Accordingly, this court does not have jurisdiction over this proceeding.  <u>Slaton</u>, 981 S.W.2d at 210; <u>Olivo</u>, 918 S.W.2d at 523.

The matter is dismissed for want of jurisdiction.  TRAP 39.8, 40.2, 43.2.



Phil Johnson
Justice


Do not publish.