NO. 07-02-0213-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JULY 10, 2002



______________________________




JOHN HENRY GONZALES, APPELLANT



V.


 

THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 41,636-D; HONORABLE DON EMERSON, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

 Appellant John Henry Gonzales appeals a conviction for Indecency With a Child -
Sexual Contact. We dismiss for want of jurisdiction.

BACKGROUND

 Appellant was indicted by a Potter County Grand Jury for Indecency With a Child -
Sexual Contact. On April 3, 2000, he pled guilty pursuant to a plea bargain. The trial
court honored the plea bargain, deferred adjudication of appellant and placed him on
community supervision for a period of three years. Pursuant to the State's motion to
adjudicate, the trial court held a hearing on February 15, 2002, adjudicated appellant guilty
and sentenced him to confinement in the Institutional Division of the Department of Justice
for 12 years. No motion for new trial or other post-judgment motions were filed. 

 On May 7, 2002, the trial clerk filed a letter from appellant in which he asserted that
he wanted to appeal his conviction and have a trial by jury. The letter was in an envelope
postmarked May 3, 2002. By letter dated June 13, 2002, the appellate clerk directed
appellant to file by July 2, 2002, a letter brief or other explanation of why the appeal should
not be dismissed for want of jurisdiction. The clerk's letter also notified appellant that on
or after July 3, 2002, this court would consider whether its jurisdiction has been invoked
over the appeal. Appellant has not filed a response to the clerk's letter. Nor has he filed
a brief or explanation of why the appeal should not be dismissed for want of jurisdiction. LAW

 In a criminal case, appeal is perfected by timely filing a notice of appeal. Tex. R.
App. P. 25.2(a). (1) The notice of appeal must be filed within 30 days after the day sentence
is imposed or after the day the trial court enters an appealable order, unless a timely
motion for new trial is filed. TRAP 26.2(a). A motion for new trial may be filed by a
criminal defendant no later than 30 days after the date sentence is imposed in open court. 
TRAP 21.4(a). The time for filing a notice of appeal may be extended for 15 days under
certain circumstances. TRAP 26.3. If the time for filing a notice of appeal is to be
extended, both a notice of appeal and a motion for extension of time which complies with
TRAP 10.5(b) must be filed within the 15 day period. TRAP 26.3; Olivo v. State, 918
S.W.2d 519, 523-25 (Tex.Crim.App. 1996). 

 An untimely-filed notice of appeal will not invoke the jurisdiction of the court of
appeals. See State v. Riewe, 13 S.W.2d 408, 411 (Tex.Crim.App. 2000). Thus, if an
appeal is not timely perfected, a court of appeals does not have jurisdiction to address the
merits of the appeal, and can take no action other than to dismiss the appeal. Slaton v.
State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); Olivo, 918 S.W.2d at 523-25.

ANALYSIS AND CONCLUSION

 Appellant's notice of appeal was not timely filed. A motion to extend time to file the
notice of appeal was not filed. Accordingly, this court does not have jurisdiction over the
appeal. Slaton, 981 S.W.2d at 210; Olivo, 918 S.W.2d at 523. 

 The appeal is dismissed for want of jurisdiction. TRAP 39.8, 40.2, 43.2. 


 Phil Johnson

 Justice




Do not publish.

1. Further references to a Rule of Appellate Procedure will be by reference to "TRAP
__."

          An appeal from an order denying a Rule 20.2


 motion for a record at State expense
is ancillary to the appeal challenging a judgment of conviction and punishment. See In the
Matter of the Marriage of Gary, No. 07-01-0466-CV, 2002 Tex. App. Lexis 5749, at *7
(Tex.App.–Amarillo August 7, 2002, order) (civil case proceeding under Rule 20.1). A 
separate notice of appeal challenging an order denying an indigence determination in the
case is not necessary. Id.; Ramirez v. State, Nos. 04-00-00031-CR, 04-00-00037-CR, and
04-00-00199-CR, 2000 WL 794157, at *1 (Tex.App.–San Antonio June 21, 2000, order)
(not designated for publication) (stating separate notice of appeal is not required to obtain
review of a trial court order denying a record at State expense). Accordingly, on our own
initiative, we will dismiss appellate cause number 07-09-0385-CR as moot, and address
appellant’s indigence in number 07-09-0331-CR. 
          Cause number 07-09-0331-CR is abated with the following exception and
instructions. Pursuant to Rule 34.5(c)(1), the clerk of the trial court is directed to prepare
a record containing the motion and affidavit filed by appellant requesting a record at State
expense, the order of the trial court ruling on the motion, any findings of fact and
conclusions of law pertaining to the motion or the alleged indigence of appellant, and any
other documents pertaining to the alleged indigence of appellant. Pursuant to Rule
34.6(d), the court reporter is directed to prepare a reporter’s record of all hearings
addressing appellant’s motion for a record at State expense or claimed indigence. See In
re Arroyo, 988 S.W.2d 737, 739 (Tex. 1998) (orig. proceeding) (appellate court may on its
own initiative apply Rules 34.5(c)(1) and 34.6(d) to obtain preparation by clerk and court
reporter of portions of record necessary to review order denying indigence status); Tex. R.
App. P. 34.5, 34.6. 
          The clerk’s record and reporter’s record prepared according to this order shall be
filed with the clerk of this Court no later than January 8, 2010. Within thirty days from the
date the clerk’s and reporter’s records we have ordered both are filed, appellant shall file
a brief with the clerk of this Court addressing his contention the trial court erred in denying
his request for a record at State expense. The State’s brief in response to appellant’s brief
shall be due thirty days from the date appellant’s brief is filed. The abatement shall
otherwise remain until further order of this Court.
          The appeal pending as number 07-09-0385-CR is dismissed. The Court’s previous
instruction to appellant to file a docketing statement in 07-09-0385-CR is vacated.
          It is so ordered.
                                                                                      Per Curiam
 
Publish.