NO. 07-02-0213-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 10, 2002

_____

JOHN HENRY GONZALES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 41,636-D; HONORABLE DON EMERSON, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

Appellant John Henry Gonzales appeals a conviction for Indecency With a Child - Sexual Contact.  We dismiss for want of jurisdiction.

BACKGROUND

Appellant was indicted by a Potter County Grand Jury for Indecency With a Child - Sexual Contact.  On April 3, 2000, he pled guilty pursuant to a plea bargain.  The trial

court honored the plea bargain, deferred adjudication of appellant and placed him on community supervision for a period of three years. Pursuant to the State's motion to adjudicate, the trial court held a hearing on February 15, 2002, adjudicated appellant guilty and sentenced him to confinement in the Institutional Division of the Department of Justice for 12 years. No motion for new trial or other post-judgment motions were filed.

On May 7, 2002, the trial clerk filed a letter from appellant in which he asserted that he wanted to appeal his conviction and have a trial by jury. The letter was in an envelope postmarked May 3, 2002. By letter dated June 13, 2002, the appellate clerk directed appellant to file by July 2, 2002, a letter brief or other explanation of why the appeal should not be dismissed for want of jurisdiction. The clerk's letter also notified appellant that on or after July 3, 2002, this court would consider whether its jurisdiction has been invoked over the appeal. Appellant has not filed a response to the clerk's letter. Nor has he filed a brief or explanation of why the appeal should not be dismissed for want of jurisdiction.

LAW

In a criminal case, appeal is perfected by timely filing a notice of appeal. TEX. R. APP. P. 25.2(a).[1] The notice of appeal must be filed within 30 days after the day sentence is imposed or after the day the trial court enters an appealable order, unless a timely motion for new trial is filed. TRAP 26.2(a). A motion for new trial may be filed by a criminal defendant no later than 30 days after the date sentence is imposed in open court.

_____

[1]Further references to a Rule of Appellate Procedure will be by reference to "TRAP ___."

2

TRAP 21.4(a). The time for filing a notice of appeal may be extended for 15 days under certain circumstances. TRAP 26.3. If the time for filing a notice of appeal is to be extended, both a notice of appeal and a motion for extension of time which complies with TRAP 10.5(b) must be filed within the 15 day period. TRAP 26.3; Olivo v. State, 918 S.W.2d 519, 523-25 (Tex.Crim.App. 1996).

An untimely-filed notice of appeal will not invoke the jurisdiction of the court of appeals. See State v. Riewe, 13 S.W.2d 408, 411 (Tex.Crim.App. 2000). Thus, if an appeal is not timely perfected, a court of appeals does not have jurisdiction to address the merits of the appeal, and can take no action other than to dismiss the appeal. Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); Olivo, 918 S.W.2d at 523-25.

## ANALYSIS AND CONCLUSION

Appellant's notice of appeal was not timely filed. A motion to extend time to file the notice of appeal was not filed. Accordingly, this court does not have jurisdiction over the appeal. Slaton, 981 S.W.2d at 210; Olivo, 918 S.W.2d at 523.

The appeal is dismissed for want of jurisdiction. TRAP 39.8, 40.2, 43.2.

Phil Johnson
Justice

3

Do not publish.