NO. 07-02-0426-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

DECEMBER 31, 2002

_____


AMANDA S. HOBGOOD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-438167; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before REAVIS and JOHNSON, JJ., and BOYD, S.J.[1]


Appellant Amanda Sue Hobgood appeals a conviction for manufacture/delivery of a controlled substance. We dismiss for want of jurisdiction.

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

BACKGROUND

Amanda Sue Hobgood was convicted of manufacture/delivery of a controlled substance, to wit: methamphetamine PG1 less than 200 grams but at least 4 grams. On September 6, 2002, she was sentenced to 17 years in the Texas Department of Criminal Justice-Institutional Division. On October 8, 2002, she filed a notice of appeal.

LAW

In a criminal case, appeal is perfected by timely filing a notice of appeal. TEX. R. APP. P. 25.2(a).[2] The notice of appeal must be filed within 30 days after the day sentence is imposed or after the day the trial court enters an appealable order, unless a timely motion for new trial is filed. TRAP 26.2(a). A motion for new trial may be filed by a criminal defendant no later than 30 days after the date sentence is imposed in open court. TRAP 21.4(a). The time for filing a notice of appeal may be extended for 15 days under certain circumstances. TRAP 26.3. If the time for filing a notice of appeal is to be extended, both a notice of appeal and a motion for extension of time which complies with TRAP 10.5(b) must be filed within the 15 day period. TRAP 26.3; Olivo v. State, 918 S.W.2d 519, 523-25 (Tex.Crim.App. 1996).

---

[2]Further references to a Rule of Civil Procedure will be by reference to "TRAP ____."

An untimely-filed notice of appeal will not invoke the jurisdiction of the court of appeals.  See State v. Riewe, 13 S.W.2d 408, 411 (Tex.Crim.App. 2000).  Thus, if an appeal is not timely perfected, a court of appeals does not have jurisdiction to address the merits of the appeal, and can take no action other than to dismiss the appeal.  Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); Olivo, 918 S.W.2d at 523-25.

## ANALYSIS AND CONCLUSION

Appellant's notice of appeal was not timely filed.  A motion to extend time to file the notice of appeal was not filed.  Accordingly, this court does not have jurisdiction over the appeal.  Slaton, 981 S.W.2d at 210; Olivo, 918 S.W.2d at 523.

The appeal is dismissed for want of jurisdiction.  TRAP 39.8, 40.2, 43.2.

Phil Johnson
Justice

Do not publish.

3