NO. 07-02-0434-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JANUARY 17, 2003



______________________________




MICHAEL MARTINEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 42748-E; HONORABLE ABE LOPEZ, JUDGE



_______________________________



Before JOHNSON, C.J., REAVIS, J. and BOYD, S.J. (1)

MEMORANDUM OPINION


 Pursuant to a plea bargain, appellant Michael Martinez pled guilty to aggravated
robbery. Adjudication of guilt was deferred. Based on the State's motion, appellant was
adjudicated guilty on November 15, 2001, and sentence of 12 years incarceration was
imposed on that date.

 On October 22, 2002, the clerk of this court received and filed a copy of a Motion
to Extend Time to File Notice of Appeal and Prepare Clerk's Record for Appeal, captioned
as cause number 42748-E in the 108th District Court of Potter County. The motion seeks
extension of time for filing of notice of appeal from the judgment of conviction and sentence
imposed on November 15, 2001 in cause number 42748-E. The notice attaches and
incorporates a pro se notice of appeal captioned as appealing a conviction of appellant in
cause number 44317-E in the 108th District Court of Potter County, and bearing a file mark
from the clerk of this court dated January 8, 2002. The pending motion to extend time
alleges that the pro se notice of appeal referencing cause number 44317-E was actually
intended as a notice of appeal from cause number 42748-E, as evidenced by the
substance of the notice. 

 Appellant's appeal based on the notice of appeal filed January 8, 2002, which
referenced trial court cause number 44317-E was previously docketed as our cause
number 07-02-0043-CR. Pursuant to motion by appellant and his attorney, this court
dismissed appeal in 07-02-0043-CR by judgment dated November 7, 2002. 

 In a criminal case, appeal is perfected by timely filing a notice of appeal. Tex. R.
App. P. 25.2(a). (2) The notice of appeal must be filed within 30 days after the day sentence
is imposed or after the day the trial court enters an appealable order, unless a timely
motion for new trial is filed. TRAP 26.2(a). A motion for new trial may be filed by a criminal
defendant no later than 30 days after the date sentence is imposed in open court. TRAP
21.4(a). The time for filing a notice of appeal may be extended for 15 days under certain
circumstances. TRAP 26.3. If the time for filing a notice of appeal is to be extended, both
a notice of appeal and a motion for extension of time which complies with TRAP 10.5(b)
must be filed within the 15 day period. TRAP 26.3; Olivo v. State, 918 S.W.2d 519, 523-25 (Tex.Crim.App. 1996). 

 An untimely-filed notice of appeal will not invoke the jurisdiction of the court of
appeals. See State v. Riewe, 13 S.W.2d 408, 411 (Tex.Crim.App. 2000). Thus, if an
appeal is not timely perfected, a court of appeals does not have jurisdiction to address the
merits of the appeal, and can take no action other than to dismiss the appeal. Slaton v.
State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); Olivo, 918 S.W.2d at 523-25.

 Assuming, arguendo, that the Notice of Appeal file marked by the clerk of this court
on January 8, 2002, was a notice of appeal as to cause number 42748-E instead of cause
number 44317-E, the notice of appeal was not timely filed. Because the notice was not
timely filed, we do not have jurisdiction over the appeal. And, once our jurisdiction over the
appeal has been lost, we lack the power to invoke TRAP 2 or any rule to thereafter obtain
jurisdiction. See Riewe, 13 S.W.3d at 413. Accordingly, this court does not have
jurisdiction over this appeal and cannot extend the time for filing notice of appeal so as to
obtain jurisdiction. See Slaton, 981 S.W.2d at 210; Olivo, 918 S.W.2d at 523. 

 The appeal is dismissed for want of jurisdiction. Tex. R. App. P. 39.8, 40.2, 43.2. 

 Phil Johnson

 Chief Justice

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. 
2. Further reference to a Rule of Appellate Procedure will be by reference to "TRAP
____." 



Medium Shading 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0072-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL D

 

NOVEMBER 22, 2010

 

______________________________

 

 

ELISEO RENE ZAMBRANO, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 242ND DISTRICT COURT OF HALE
COUNTY;

 

NO. B18071-0906; HONORABLE EDWARD LEE SELF, JUDGE

 

_______________________________

 

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

CONCURRING OPINION

            While I agree with the
conclusion reached by the majority, I write separately to address an issue not
raised by Appellant regarding the assessment of attorney's fees.[1]  The written judgment in this case orders the
defendant to pay attorney's fees in the amount of $1,200.  In order to assess attorney's fees, a trial
court must determine that the defendant has financial resources that enable him
to offset in part or in whole the costs of legal services provided.  Tex. Code Crim. Proc. Ann.
art. 26.05(g) (Vernon 2009).  Furthermore, the record must reflect some
factual basis to support the determination that the defendant is capable of
paying attorney's fees.  Barrera v. State, 291
S.W.3d 515, 518 (Tex.App.--Amarillo 2009, no pet.); Perez v. State, 280 S.W.3d 886, 887 (Tex.App.--Amarillo 2009, no
pet.).

            We are unable to find any evidence
that would support a finding that Appellant had financial resources that would
enable him to pay all or any part of the fees paid his court-appointed
counsel.  Therefore, we conclude that the
order to pay attorney's fees was improper. 
See Mayer v. State, 309 S.W.3d 552, 555-56 (Tex.Crim.App. 2010).  No trial objection is required to challenge
the sufficiency of the evidence regarding the defendant's ability to pay.  Id.  When the evidence does not support an order
to pay attorney's fees, the proper remedy is to delete the order.  Id. at 557; See also Anderson
v. State, No. 03-09-00630-CR, 2010 Tex.App. LEXIS
5033, at *9 (Tex.App.--Austin July 1, 2010, no pet.) (also
modifying judgment to delete attorney's fees). 
Accordingly, I would modify the judgment to delete the order to pay
attorney's fees, and affirm the judgment as modified

                                                                                    Patrick
A. Pirtle

                                                                                          Justice

 

 

Do not publish.











[1]Courts of appeals may review unassigned error in criminal cases, particularly where
the record discloses error that should be addressed in the interest of
justice.  Hammock v. State, 211 S.W.3d 874, 878
(Tex.App.--Texarkana 2006, no pet.). 
Where, as here, the error appears on the face of the judgment, does not
involve the merits of the trial, and is easily corrected by modifying the
judgment, I believe that the interest of justice dictates that we address the
issue.