NO. 07-02-0434-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 17, 2003

_____

MICHAEL MARTINEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 42748-E; HONORABLE ABE LOPEZ, JUDGE

_____

Before JOHNSON, C.J., REAVIS, J. and BOYD, S.J.[1]

MEMORANDUM OPINION

Pursuant to a plea bargain, appellant Michael Martinez pled guilty to aggravated robbery. Adjudication of guilt was deferred. Based on the State's motion, appellant was adjudicated guilty on November 15, 2001, and sentence of 12 years incarceration was imposed on that date.

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

On October 22, 2002, the clerk of this court received and filed a copy of a Motion to Extend Time to File Notice of Appeal and Prepare Clerk's Record for Appeal, captioned as cause number 42748-E in the 108th District Court of Potter County. The motion seeks extension of time for filing of notice of appeal from the judgment of conviction and sentence imposed on November 15, 2001 in cause number 42748-E. The notice attaches and incorporates a *pro se* notice of appeal captioned as appealing a conviction of appellant in cause number 44317-E in the 108th District Court of Potter County, and bearing a file mark from the clerk of this court dated January 8, 2002. The pending motion to extend time alleges that the *pro se* notice of appeal referencing cause number 44317-E was actually intended as a notice of appeal from cause number 42748-E, as evidenced by the substance of the notice.

Appellant's appeal based on the notice of appeal filed January 8, 2002, which referenced trial court cause number 44317-E was previously docketed as our cause number 07-02-0043-CR. Pursuant to motion by appellant and his attorney, this court dismissed appeal in 07-02-0043-CR by judgment dated November 7, 2002.

In a criminal case, appeal is perfected by timely filing a notice of appeal. TEX. R. APP. P. 25.2(a).[2] The notice of appeal must be filed within 30 days after the day sentence is imposed or after the day the trial court enters an appealable order, unless a timely motion for new trial is filed. TRAP 26.2(a). A motion for new trial may be filed by a criminal defendant no later than 30 days after the date sentence is imposed in open court. TRAP

---

[2]Further reference to a Rule of Appellate Procedure will be by reference to "TRAP ____."

2

21.4(a). The time for filing a notice of appeal may be extended for 15 days under certain circumstances. TRAP 26.3. If the time for filing a notice of appeal is to be extended, both a notice of appeal and a motion for extension of time which complies with TRAP 10.5(b) must be filed within the 15 day period. TRAP 26.3; Olivo v. State, 918 S.W.2d 519, 523-25 (Tex.Crim.App. 1996).

An untimely-filed notice of appeal will not invoke the jurisdiction of the court of appeals. See State v. Riewe, 13 S.W.2d 408, 411 (Tex.Crim.App. 2000). Thus, if an appeal is not timely perfected, a court of appeals does not have jurisdiction to address the merits of the appeal, and can take no action other than to dismiss the appeal. Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); Olivo, 918 S.W.2d at 523-25.

Assuming, arguendo, that the Notice of Appeal file marked by the clerk of this court on January 8, 2002, was a notice of appeal as to cause number 42748-E instead of cause number 44317-E, the notice of appeal was not timely filed. Because the notice was not timely filed, we do not have jurisdiction over the appeal. And, once our jurisdiction over the appeal has been lost, we lack the power to invoke TRAP 2 or any rule to thereafter obtain jurisdiction. See Riewe, 13 S.W.3d at 413. Accordingly, this court does not have jurisdiction over this appeal and cannot extend the time for filing notice of appeal so as to obtain jurisdiction. See Slaton, 981 S.W.2d at 210; Olivo, 918 S.W.2d at 523.

The appeal is dismissed for want of jurisdiction. TEX. R. APP. P. 39.8, 40.2, 43.2.

Phil Johnson
Chief Justice

Do not publish.

3