NO. 07-03-0274-CR
07-03-0275-CR
07-03-0276-CR
07-03-0277-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 31, 2003
_____

JOE DANIEL HENDERSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 45,363-A; 45,823-A; 45,824-A; 45,825-A; HONORABLE HAL MINER, JUDGE
_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

Appellant Joe Daniel Henderson appeals from four convictions. We dismiss the appeals for want of jurisdiction.

On February 27, 2003, sentences were imposed on appellant in four cases pending against him in the 47th District Court of Potter County (the trial court). He was convicted

and sentenced for the following crimes in the appellate cause numbers indicated: 07-03-0274-CR, unlawful possession of a firearm by felon, 10 years incarceration; 07-03-0275-CR, deadly conduct by discharge of firearm at an individual, 10 years incarceration; 07-03-0276-CR, aggravated assault against a public servant, 20 years incarceration; 07-03-0277-CR, deadly conduct by discharge of firearm at an individual, 10 years incarceration.

Pursuant to abatement and remand, the trial court held a hearing to determine if appellant was indigent, entitled to appointment of counsel, and desired to prosecute an appeal in each of the cases. The trial court filed findings of fact and conclusions of law to the effect that appellant was indigent and desired to appeal each conviction. The trial court appointed counsel to represent appellant in each of the pending appeals and directed that appellant be furnished an appellate record.

In accordance with the trial court's order on remand, the trial clerk prepared and has filed clerk's records in each of the four appeals. The records reflect that on May 14, 2003, appellant, acting *pro se*, filed a somewhat rambling notice of appeal referencing his conviction for assault on a public servant. The trial clerk filed a copy of the notice of appeal with the records of each case. Without addressing any other aspect of the notice of appeal, and assuming, *arguendo*, that the notice suffices as a notice of appeal from each of appellant's four convictions, we will first address our jurisdiction over the appeals.

In a criminal case, appeal is perfected by timely filing a notice of appeal. TEX. R. APP. P. 25.2(b). The notice of appeal must be filed within 30 days after the day sentence

is imposed or after the day the trial court enters an appealable order, unless a timely motion for new trial is filed. TRAP 26.2(a). A motion for new trial may be filed by a criminal defendant no later than 30 days after the date sentence is imposed in open court. TRAP 21.4(a). The time for filing a notice of appeal may be extended for 15 days under certain circumstances. TRAP 26.3.

An untimely-filed notice of appeal will not invoke the jurisdiction of the court of appeals. See State v. Riewe, 13 S.W.2d 408, 411 (Tex.Crim.App. 2000). Thus, if an appeal is not timely perfected, a court of appeals does not have jurisdiction to address the merits of the appeal, and can take no action other than to dismiss the appeal. Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); Olivo, 918 S.W.2d at 523-25.

Appellant's notices of appeal were not timely filed. Accordingly, this court does not have jurisdiction over the appeals. Slaton, 981 S.W.2d at 210; Olivo, 918 S.W.2d at 523.

The appeals are dismissed for want of jurisdiction. TRAP 39.8, 40.2, 43.2.


Phil Johnson
Chief Justice


Do not publish.