NO. 07-03-0410-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 14, 2003
_____

WILLIAM WAYNE PHILLIPS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 44,517-E; HONORABLE ABE LOPEZ, JUDGE
_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

**MEMORANDUM OPINION**

Appellant, William Wayne Phillips, appeals a conviction for Aggravated Assault with a Deadly Weapon.  We dismiss for want of jurisdiction.

BACKGROUND

On June 12, 2003, sentence was imposed on appellant in a case pending against him in the 108th District Court of Potter County (the trial court). He was adjudicated guilty for the offense of aggravated assault with a deadly weapon, and sentenced to 10 years incarceration in the Texas Department of Criminal Justice, Institutional Division. Appellant's trial counsel timely filed a motion for new trial. The trial court did not rule on the motion. Appellant filed his notice of appeal on September 12, 2003.

In a letter dated October 17, 2003, the clerk of this court notified appellant and the State that proceedings in this case were abated pending consideration of the court's jurisdiction over the appeal. We invited the parties to submit briefs on the issue of our jurisdiction. Neither party filed a response.

In a criminal case, appeal is perfected by timely filing a notice of appeal. Tex. R. App. P. 25.2(a), 26.2.[1] A timely filed notice of appeal is essential to invoke our appellate jurisdiction. Olivo v. State, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996).

A court must rule on a motion for new trial within 75 days after imposing or suspending sentence in open court. TRAP 21.8(a). If the motion is not timely ruled on by written order, it is deemed denied when the period prescribed in 21.8(a) expires. TRAP 21.8(c). The time for filing a notice of appeal may be extended for 15 days under certain circumstances. TRAP 26.3. If the time for filing a notice of appeal is to be extended, both a notice of appeal and a motion for extension of time which complies with TRAP 10.5(b)

---

[1]Further references to the Rules of Appellate Procedure will be abbreviated "TRAP."

must be filed within the 15 day period. TRAP 26.3; Olivo, 918 S.W.2d at 523-25. An untimely-filed notice of appeal will not invoke the jurisdiction of the court of appeals. See State v. Riewe, 13 S.W.2d 408, 411 (Tex.Crim.App. 2000). Thus, if an appeal is not timely perfected, a court of appeals does not have jurisdiction to address the merits of the appeal, and can take no action other than to dismiss the appeal. Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); Olivo, 918 S.W.2d at 523-25.

Sentence was imposed on June 12, 2003. A notice of appeal of the judgment of the trial court was required to be filed no later than September 10, 2003, to invoke this court's appellate jurisdiction. TRAP 26.2(a)(2).

ANALYSIS AND CONCLUSION

Appellant's notice of appeal was not timely filed. A motion to extend time to file the notice of appeal was not filed. Accordingly, this court does not have jurisdiction over the appeal. Slaton, 981 S.W.2d at 210; Olivo, 918 S.W.2d at 523.

The appeal is dismissed for want of jurisdiction. TEX. R. APP. P. 39.8, 40.2, 43.2.

Phil Johnson
Chief Justice

Do not publish.

3