NO. 07-04-0065-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



APRIL 30, 2004



______________________________




ROLANDO G. FLORES, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-402708; HONORABLE CECIL G. PURYEAR, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Rolando Flores appeals a conviction for assault. We dismiss for want of
jurisdiction.





BACKGROUND


 On January 8, 2004, sentence was imposed on appellant in the 137th District Court
of Lubbock County (the trial court). He was convicted and sentenced for assault family
violence with one prior offense. The trial clerk prepared and has filed a clerk's record. The
record reflects that on February 11, 2004, appellant filed a general notice of appeal
referencing his conviction for assault. The trial clerk filed a copy of the notice of appeal
with the record. On March 18, 2004, the appellate court clerk sent counsel a letter
requesting the parties to address the issue of jurisdiction. These responses were due no
later than April 16, 2004; counsel has not responded. 

 In a criminal case, appeal is perfected by timely filing a notice of appeal. Tex. R.
App. P. 25.2(a). The notice of appeal must be filed within 30 days after the day sentence
is imposed or after the day the trial court enters an appealable order, unless a timely
motion for new trial is filed. TRAP 26.2(a). A motion for new trial may be filed by a criminal
defendant no later than 30 days after the date sentence is imposed in open court. TRAP
21.4(a). The time for filing a notice of appeal may be extended for 15 days under certain
circumstances. TRAP 26.3. If the time for filing a notice of appeal is to be extended, both
a notice of appeal and a motion for extension of time which complies with TRAP 10.5(b)
must be filed within the 15 day period. TRAP 26.3; Olivo v. State, 918 S.W.2d 519, 523-25 (Tex.Crim.App. 1996). 

 An untimely-filed notice of appeal will not invoke the jurisdiction of the court of
appeals. See State v. Riewe, 13 S.W.2d 408, 411 (Tex.Crim.App. 2000). Thus, if an
appeal is not timely perfected, a court of appeals does not have jurisdiction to address the
merits of the appeal, and can take no action other than to dismiss the appeal. Slaton v.
State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); Olivo, 918 S.W.2d at 523-25.

 Appellant's notice of appeal was not timely filed. A motion to extend time to file the
notice of appeal was not filed. Accordingly, this court does not have jurisdiction over the
appeal. Slaton, 981 S.W.2d at 210; Olivo, 918 S.W.2d at 523. 

 The appeal is dismissed for want of jurisdiction. Tex. R. App. P. 39.8, 40.2, 43.2. 


 Phil Johnson

 Chief Justice




Do not publish.



"false"
 UnhideWhenUsed="false" Name="Table Grid"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0040-CV

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL B

 

FEBRUARY 3, 2010

______________________________

 

In re CLIFFORD J. FAIRFAX, 

 

                                                                                                Relator

______________________________

 

                                     ON PETITION FOR WRIT OF MANDAMUS

_______________________________

 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 

            Pending before the court is the petition for writ of
mandamus filed by Clifford J. Fairfax.  He
asks us to order Rick Thaler, director, Texas Department of Criminal Justice 
Correctional Division to release [his] personal legal materials . . . so [he]
. . . can continue to proceed pro se in prosecuting his appeal.  We deny the petition for the following
reasons.

            First, the document does not comport with the
requirements of Texas Rule of Appellate Procedure 52.  For instance, appellant did not certify that
he reviewed the petition and concluded that every factual allegation mentioned
in it was supported by competent evidence included in the appendix.  Tex.
R. App. P. 52.3(j) (so
requiring).   Nor did he attach an appendix per Rule
52.3(j).  Similarly neglected is
compliance with subparagraphs a, b, c, d, f, and h of Rule 52.3.  

            Second, we cannot normally issue a writ of mandamus against
anyone other than a judge.  Tex. Govt Code Ann. §22.221 (Vernon
2004).  There exists an exception to that
limitation, however.  It encompasses
instances wherein mandamus is necessary to protect our appellate jurisdiction.  In re
Washington, 7 S.W.3d 181, 182 (Tex. App.Houston [1st Dist.]
1999, no pet.).  But, before it can be
said that we are protecting our appellate jurisdiction, there must be an appeal
pending wherein the relator is a party.  Id. 
Logic would further suggest that the act being made the subject of
mandamus relief must directly interfere with the progress of that appeal.  And, while Fairfax states that he has an
appeal pending, he describes neither the nature of the legal materials
allegedly taken by Thaler or how their absence impedes the prosecution of his
appeal.  Thus, he has failed to show that
we have jurisdiction over his request for relief.

            Accordingly, the petition for mandamus is denied.

 

                                                                                    Brian
Quinn

                                                                                    Chief
Justice