NO. 07-04-0065-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 30, 2004

_____

ROLANDO G. FLORES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-402708; HONORABLE CECIL G. PURYEAR, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Rolando Flores appeals a conviction for assault.  We dismiss for want of jurisdiction.

BACKGROUND

On January 8, 2004, sentence was imposed on appellant in the 137th District Court of Lubbock County (the trial court). He was convicted and sentenced for assault family violence with one prior offense. The trial clerk prepared and has filed a clerk's record. The record reflects that on February 11, 2004, appellant filed a general notice of appeal referencing his conviction for assault. The trial clerk filed a copy of the notice of appeal with the record. On March 18, 2004, the appellate court clerk sent counsel a letter requesting the parties to address the issue of jurisdiction. These responses were due no later than April 16, 2004; counsel has not responded.

In a criminal case, appeal is perfected by timely filing a notice of appeal. TEX. R. APP. P. 25.2(a). The notice of appeal must be filed within 30 days after the day sentence is imposed or after the day the trial court enters an appealable order, unless a timely motion for new trial is filed. TRAP 26.2(a). A motion for new trial may be filed by a criminal defendant no later than 30 days after the date sentence is imposed in open court. TRAP 21.4(a). The time for filing a notice of appeal may be extended for 15 days under certain circumstances. TRAP 26.3. If the time for filing a notice of appeal is to be extended, both a notice of appeal and a motion for extension of time which complies with TRAP 10.5(b) must be filed within the 15 day period. TRAP 26.3; Olivo v. State, 918 S.W.2d 519, 523-25 (Tex.Crim.App. 1996).

An untimely-filed notice of appeal will not invoke the jurisdiction of the court of appeals. See State v. Riewe, 13 S.W.2d 408, 411 (Tex.Crim.App. 2000). Thus, if an

appeal is not timely perfected, a court of appeals does not have jurisdiction to address the merits of the appeal, and can take no action other than to dismiss the appeal.  Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); Olivo, 918 S.W.2d at 523-25.

Appellant's notice of appeal was not timely filed.  A motion to extend time to file the notice of appeal was not filed.  Accordingly, this court does not have jurisdiction over the appeal.  Slaton, 981 S.W.2d at 210; Olivo, 918 S.W.2d at 523.

The appeal is dismissed for want of jurisdiction.  TEX. R. APP. P. 39.8, 40.2, 43.2.

Phil Johnson
Chief Justice

Do not publish.