NO. 07-04-0076-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 12, 2004

_____


FRANK DWIGHT CARTER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 89-409,752; HONORABLE THOMAS L. CLINTON, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**


Appellant Frank Dwight Carter appeals from a conviction for aggravated robbery.

We dismiss for want of jurisdiction.

BACKGROUND

Appellant was convicted of aggravated robbery in Cause No. 89-409,752 in the 99th District Court of Lubbock County. Sentence was imposed on June 12, 1990. On February 19, 2004, a notice of appeal was filed with the trial court clerk. On March 1, 2004, a docketing statement was filed with the appellate clerk. On March 30, 2004, an amended docketing statement was filed. Various *pro se* briefs and documents have been filed; some in response to this court's direction that appellant submit matters he wished considered by this court on the issue of whether jurisdiction exists over the appeal.

The substance of appellant's filings and documents and assertions challenge the trial court's jurisdiction to have tried, sentenced, and entered judgment of conviction against appellant in 1990.

LAW

In a criminal case, appeal is perfected by timely filing a notice of appeal. TEX. R. APP. P. 25.2(b). The notice of appeal must be filed within 30 days after the day sentence is imposed or after the day the trial court enters an appealable order, unless a timely motion for new trial is filed. TRAP 26.2(a). A motion for new trial may be filed by a criminal defendant no later than 30 days after the date sentence is imposed in open court. TRAP 21.4(a).

An untimely-filed notice of appeal will not invoke the jurisdiction of the court of appeals. See State v. Riewe, 13 S.W.2d 408, 411 (Tex.Crim.App. 2000). Thus, if an

appeal is not timely perfected, a court of appeals does not have jurisdiction to address the merits of the appeal, and can take no action other than to dismiss the appeal. <u>Slaton v. State</u>, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); <u>Olivo v. State</u>, 918 S.W.2d 519, 523-25 (Tex.Crim.App. 1996).

## ANALYSIS AND CONCLUSION

Appellant's notice of appeal was not timely filed. Accordingly, this court does not have jurisdiction over the appeal. <u>Slaton</u>, 981 S.W.2d at 210; <u>Olivo</u>, 918 S.W.2d at 523.

The appeal is dismissed for want of jurisdiction. TEX. R. APP. P. 39.8, 40.2, 43.2.

Phil Johnson
Chief Justice

Do not publish.