NO. 07-04-0502-CR
07-04-0503-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 7, 2004

_____

FRANCISCO PEREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 45,533-A, 45,534-A; HONORABLE HAL MINER, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Francisco Perez appeals from two proceedings in the 47th District Court. We dismiss for want of jurisdiction.

Appellant was indicted in Potter County for indecency with a child by sexual contact (trial court cause number 45,533-A; appellate cause number 07-04-00502-CR) and

aggravated sexual assault of a child (trial court cause number 45,534-A; appellate cause number 07-04-00503-CR). By orders dated March 25, 2004, both causes were dismissed because of re-indictments. On October 8, 2004, notice of appeal was filed as to each trial court proceeding. We have abated each appellate proceeding pending determination of appellate jurisdiction.

In a criminal case, appeal is perfected by timely filing a notice of appeal. TEX. R. APP. P. 25.2(b). As is relevant to these proceedings, the notice of appeal must be filed within 30 days after the day the trial court enters an appealable order. TRAP 26.2(a). An untimely-filed notice of appeal will not invoke the jurisdiction of the court of appeals. See State v. Riewe, 13 S.W.2d 408, 411 (Tex.Crim.App. 2000). Thus, if an appeal is not timely perfected, a court of appeals can take no action other than to dismiss the appeal. Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); Olivo, 918 S.W.2d at 523-25.

Appellant's notices of appeal were not timely filed. This court does not have jurisdiction over the appeals. Slaton, 981 S.W.2d at 210; Olivo, 918 S.W.2d at 523.

The appeals are dismissed for want of jurisdiction. TEX. R. APP. P. 39.8, 40.2, 43.2.

<div style="margin-left:auto; width:fit-content;">

Phil Johnson
Chief Justice

</div>

Do not publish.