NO. 07-04-0539-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 21, 2005



______________________________




JOHN Y. GONZALES, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 97-425165; HONORABLE BRADLEY S. UNDERWOOD, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant, John Y. Gonzales, seeks to appeal a judgment and conviction for
aggravated assault with a deadly weapon. Finding we have no jurisdiction to consider the
appeal, we dismiss. 

 Appellant pled guilty and was sentenced by the trial court on October 5, 2004. The
court's judgment was signed the same day. Appellant filed a Notice of Appeal on
November 5, 2004. No motion for extension of time to file notice of appeal was filed. 

 In a criminal case, appeal is perfected by timely filing a notice of appeal. Tex. R.
App. P. 25.2(b). An untimely-filed notice of appeal will not invoke the jurisdiction of the
court of appeals. See State v. Riewe, 13 S.W.2d 408, 411 (Tex.Crim.App. 2000). If an
appeal is not timely perfected, a court of appeals does not have jurisdiction and can take
no action other than to dismiss the appeal. Slaton v. State, 981 S.W.2d 208, 210
(Tex.Crim.App. 1998). 

 Appellant's Notice of Appeal was not timely filed and does not invoke our
jurisdiction. The appeal is dismissed for want of jurisdiction. Tex. R. App. P. 39.8, 40.2,
43.2.

 Phil Johnson

 Chief Justice




Do not publish. 



ing\
doubt on Paine.
\
'

var WPFootnote7 = ' Vaughn in effect argues appellees had a constitutional duty to disregard entirely\
the result of the disciplinary proceeding because he was not held criminally responsible\
and because further evidence favorable to his denial of participation was later heard in\
another proceeding. Paine does not support such a contention. \
'

function WPShow( WPid, WPtext )
{
 if( bInlineFloats )
 eval( "document.all." + WPid + ".style.visibility = 'visible'" );
 else
 {
 if( floatwnd == 0 || floatwnd.closed )
 floatwnd = window.open( "", "comment", "toolbars=0,width=600,height=200,resizable=1,scrollbars=1,dependent=1" );
 floatwnd.document.open( "text/html", "replace" );
 floatwnd.document.write( "
\r\n" );
 floatwnd.document.write( "\r\n" );
 floatwnd.document.write( "
\r\n" );
 floatwnd.document.write( WPtext );
 floatwnd.document.write( '
Close');
 floatwnd.document.write( "
" );
 floatwnd.document.close();
 floatwnd.focus();
 }
}

function WPHide( WPid )
{
 if( bInlineFloats )
 eval( "document.all." + WPid + ".style.visibility = 'hidden'" );
}







NO. 07-06-0366-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 26, 2009
                                       ______________________________

CARLOS A.L. VAUGHN, APPELLANT

V.

BRUCE ZELLER, JOE NUNN AND KATHY SKINNER, APPELLEES
_________________________________

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 092479-00-D; HONORABLE DON EMERSON, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
MEMORANDUM OPINION
          Appellant Carlos A.L. Vaughn, appearing pro se, appeals the trial court’s order
granting summary judgment in favor of Bruce Zeller, Joe Nunn, William Walker,


 and K.
Skinner, appellees. We affirm.
 
Background
           This case arises from prison disciplinary actions taken against Vaughn, an inmate
in the Institutional Division of the Texas Department of Criminal Justice. In 2001, Vaughn
was incarcerated in the Terrell Unit. After an internal investigation and disciplinary hearing,
Vaughn was found guilty there of participating in an assault on a correctional officer, a
major disciplinary infraction. He was assessed sanctions that included his receipt of a
security precaution designator. Vaughn denied participating in the assault. 
          Vaughn later was transferred to the Clements Unit in Potter County. His efforts
there to have the security precaution designator removed were denied. The designator
precludes Vaughn’s participation in educational activities and other privileges open to other
inmates. He filed suit against the appellees, all employees of the Department at the
Clements Unit, contending each played a role in the continuation of the sanctions
assessed him, including the security precaution designator. His suit sought both monetary
and injunctive relief comprising the clearance of his record, the removal and expunction of
the security precaution classification from his record, $10,000 from each defendant in
actual damages, additional punitive damages, and promotion to the custody classification
he would have had without the disciplinary action.
          Appellees filed a motion for summary judgment asserting four grounds. The trial 
court granted the motion and entered judgment denying Vaughn any relief. On appeal,
Vaughn briefs five appellate issues. He presents a general issue challenging the grant of
summary judgment, and challenges each of the four grounds asserted in appellees’
summary judgment motion. 
AnalysisOur review of a summary judgment is de novo to determine whether the movant
established the absence of a genuine issue as to any material fact and his entitlement to
judgment as a matter of law. Tex. R. Civ. P. 166a(c); Cathey v. Booth, 900 S.W.2d 339,
341 (Tex. 1995); Dickey v. Club Corp. of Am., 12 S.W.3d 172, 175 (Tex.App.–Dallas 2000,
pet. denied). We take as true all evidence favorable to the non-movant, and indulge every
reasonable inference and resolve any doubt in the non-movant’s favor. Nixon v. Mr.
Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). Where the movant is
a defendant, it must negate at least one essential element of the plaintiff's cause of action.
Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). Likewise, a
defendant who conclusively establishes each element of an affirmative defense and leaves
no issue of material fact is entitled to summary judgment. Id. When a trial court’s order
granting summary judgment does not specify the ground or grounds relied on for its ruling,
as in this case, summary judgment will be affirmed on appeal if any of the theories
advanced are meritorious. State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex.
1993). See also Malooley Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970).
          The summary judgment grounds asserted by appellees included the contention that
Vaughn’s allegations do not support a due process claim actionable under 42 U.S.C. §
1983.


 We find this theory was meritorious, and so affirm the judgment.
          Vaughn’s pleadings asserted that Zeller, as warden, and Nunn, as assistant warden,
of the Clements Unit in which Vaughn then was housed failed to expunge the 2001
disciplinary action from his record, remove the security precaution designator, or otherwise
permit Vaughn to achieve a less restrictive custody status so as to allow him access to
educational and other privileges. Vaughn alleged that Zeller and Nunn failed to take these
steps despite “sufficient notice and evidence” that Vaughn was not a participant in the 2001
assault and thus was wrongfully disciplined. He alleged that Skinner, a classification case
manager at the Clements Unit, also denied him removal of the security precaution
designator.
          Appellees’ summary judgment evidence includes records from Vaughn’s 2001
disciplinary hearing. The evidence shows that the assault on the correctional officer
occurred in a chow hall in the Terrell Unit, and that the officer was attacked by a number
of inmates who knocked him to the floor then repeatedly hit and kicked him. The officer’s
injuries included a broken finger, a concussion and three broken ribs. It was undisputed
that Vaughn was among the inmates in the chow hall at the time, but the evidence of his
participation in the assault was conflicting. Two correctional officers, including the victim
of the assault, said Vaughn took part in the assault. Two of the inmates involved in the
assault supported Vaughn’s statement that he did not participate in the assault. 
          Some of the inmates were indicted for their parts in the assault. Vaughn apparently
was not indicted. Vaughn’s pleadings further allege that “it came out during the jury trial”
of three of the indicted inmates that Vaughn “had nothing to do with the incident.” At
bottom, Vaughn’s lawsuit contended that those two factors, the absence of an indictment
against him in 2001 and the exculpatory evidence heard in the later jury trial of the three
other inmates, should have led appellees to relieve him of the security precaution
designator and clear his disciplinary record.  
          Although his suit was against Clements Unit personnel, much of Vaughn’s argument
addresses perceived wrongs and violations of his rights occurring in the 2001 Terrell Unit
disciplinary proceeding. Because nothing in the record raises an issue of material fact that
appellees are implicated in any violation of Vaughn’s due process rights at the Terrell Unit,
summary judgment was proper as to any claims arising from the 2001 proceeding.



 
          With respect to the failure of appellees to correct his record or otherwise give him
relief from the security precaution designator that resulted from the 2001 disciplinary
proceeding, Vaughn relies on Paine v. Baker, 595 F.2d 197 (4th Cir. 1979).


 In Paine, the
Fourth Circuit recognized a limited constitutional right of an inmate, grounded in due
process, to have incorrect information expunged from his record. The court limited the right
to information that is false and that is likely to be relied on in a “constitutionally significant
way.”


 Id. at 201. Assuming, arguendo, that Paine provides persuasive authority,


 the
opinion expressly discusses, and excludes from the limited right of expungement, situations
in which an adverse administrative decision reflected in the record was supported by
evidence that the inmate believes to be outweighed by other facts. Id. That is precisely the
case here. As we have noted, although there was conflicting evidence, two witnesses
presented evidence during the 2001 disciplinary proceeding to the effect that Vaughn
participated in the assault on the officer. See Superintendent v. Hill, 472 U.S. 445, 454, 105
S.Ct. 2768, 2773, 86 L.Ed.2d 356 (1985) (constitutional requirements met when “some
evidence” supports prison disciplinary finding). Vaughn believes that evidence is
outweighed by other evidence.


 In that situation, the Paine opinion says, expungement is
not required. 
          No evidence in the record before us suggests appellees’ failure to take the actions
Vaughn sought was a violation of his due process or other constitutional rights. We find the
summary judgment record conclusively demonstrates the absence of a genuine issue as
to any material fact and appellees’ entitlement to judgment as a matter of law. Accordingly,
we overrule Vaughn’s first and third issues challenging the grant of summary judgment. Our
disposition of those issues makes unnecessary our consideration of Vaughn’s second,
fourth and fifth issues challenging appellees’ other grounds for summary judgment. State
Farm, 858 S.W.2d at 380; Tex. R. App. P. 47.1 (requiring court of appeals to address issues
necessary to final disposition of appeal). The trial court’s judgment is affirmed.
 
                                                                                      James T. Campbell

                                                                                               Justice